## In re GENERAL DEVELOPMENT CORPORATION, et al., Debtors.

### Bankruptcy No. 90–12231–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

July 2, 1992.

Mark D. Bloom, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., William J. Perlstein, Wilmer, Cutler & Pickering, Washington, D.C., Thomas W. Jeffrey, Senior Vice President—Law, General Development Corp., Miami, Fla., for debtor.

Michael G. Williamson, Samuel J. Zusmann, Jr., Maguire, Voorhis & Wells, P.A., Orlando, Fla., for Official Creditors Committee.

Leonard H. Gilbert, Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, Fla., for DIP Lenders.

James Paul, Haley, Sinagra & Perez, Miami, Fla., special representative for Housing, Homesite and C/R Lender Claims only.

Thomas Bell, Tallahassee, Fla., for Florida Div. of Land Sales (Homesite and C/R Lender Claims only).

Lynn Gelman, Miami, Fla., Office of U.S. Trustee.

Michael Drews, Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, Fla., for Sarasota County.

## MEMORANDUM OPINION AND ORDER DISALLOWING CLAIM NO. 061214 FILED BY SARASOTA COUNTY

A. JAY CRISTOL, Bankruptcy Judge.

This Cause was heard on February 18, 1992 upon the Debtor's objection to claim no. 061214 filed by Sarasota County. This Court, after considering the applicable law and the parties' arguments and evidence, disallows Sarasota County's claim subject to GDC's fulfilling the condition set forth below.

BACKGROUND

Sarasota County's claim is based upon a settlement agreement approving the Myakka Estates Development of Regional Impact dated February 16, 1982 (the "Final Development Order"). The Debtor ("GDC") and Sarasota County were parties thereto. The Myakka Estates Development of Regional Impact ("Myakka Estates DRI") is owned by GDC and situated in the city of North Port, which is within Sarasota County. Pursuant to the Final Development Order, GDC was to, inter alia, extend a road, Sunnybrook Boulevard, through the Myakka Estates DRI. GDC has not done

this, nor has it abandoned the Myakka Estates DRI pursuant to Florida Statutes § 380.06(26). Thus, Sarasota County has filed the instant claim.

■ GDC contends, for the following reasons, that its objection should be sustained. Developments of Regional Impact ("DRI") are governed by Chapter 380 of Florida Statutes. Upon examining this chapter it is evident that a DRI condition, such as the road extension imposed upon GDC, is just another name for an impact fee. *See, e.g.,* Fla.Stat. §§ 380.06(1), (15)(d) & (e) and (26). As such, DRI conditions are subject to case law regulating the imposition of impact fees. Impact fees are valid only if

> the local government [can] demonstrate a reasonable connection, or rational nexus, between the need for additional capital facilities and the growth in population generated by the subdivision. In addition, the government must show a reasonable connection, or rational nexus, between the expenditures of the funds collected and the benefits accruing to the subdivision. In order to satisfy this latter requirement, the ordinance must specifically earmark the funds collected for use in acquiring capital facilities to benefit the new residents.

*St. Johns County v. N.E. Fla. Builders Assn., Inc.,* 583 So.2d 635, 637 (Fla.1991). Finally, GDC contends that since it has not developed Myakka Estates DRI, nor does it have any intent to,[1] the DRI condition forming the basis of Sarasota County's claim is, under the standard above, an invalid impact fee. As such, Sarasota County's claim is unenforceable and should be disallowed under 11 U.S.C. § 502(b)(1).

## LEGAL ANALYSIS

■ Whether Sarasota County has an allowable claim depends upon whether GDC's intent to abandon the, as of yet undeveloped, Myakka Estates DRI is sufficient to render the DRI condition unenforceable where GDC has not abandoned the Myakka Estates DRI pursuant to Fla. Stat. § 380.06(26). The Court accepts GDC's position that DRI conditions must satisfy the standard governing the imposition of impact fees. As to GDC's intent to abandon, the Court accepts GDC's position to the extent this intent is present or short-term. However, the Court is unable to determine GDC's long-term intent, a consideration which troubles the Court.

Applying the instant facts to the standard governing the imposition of impact fees set forth in *St. Johns County v. N.E. Fla. Builders Assn., Inc.,* 583 So.2d 635, 637 (Fla.1991), it is clear that Sarasota County cannot convincingly argue[2] that there is "a reasonable connection, or rational nexus, between the need for additional capital facilities and the growth in population generated by the subdivision." Thus, Sarasota County's claim is unenforceable and is disallowed. However, in light of the Court's inability to determine GDC's long-term intent to abandon and the fact that GDC has not yet abandoned the Myakka Estates DRI pursuant to Fla.Stat § 380.-06(26),[3] the Court suspects that GDC may be unfairly preserving an option to develop Myakka Estates DRI while deferring its

---

1. With the exception of dirt access trails within Myakka Estates DRI, GDC has not developed the property. The development, thus, approximates no development. As to its intent not to develop the property, GDC offered the following: 1) GDC has expressed such intent; 2) development would be inconsistent with GDC's objective of minimizing its expenses; 3) no deeds have been delivered to Myakka Estates DRI homesite purchasers, and; 4) GDC has "committed" to abandon Myakka Estates DRI under this Court's "Agreed Order Approving Partial Settlement of Claim of City of North Port and Granting Related Relief" dated November 22, 1991. This settlement agreement was between the city of North Port and GDC. Sarasota County was not a party thereto.

2. Sarasota County has not argued that the DRI condition forming the basis of its claim is able to meet this, nor any other, standard governing the imposition of impact fees.

3. The Court does not know why GDC has yet to abandon the Myakka Estates DRI pursuant to Fla.Stat. § 380.06(26) as no explanation was given by either of the parties. Moreover, the Court has not determined whether the reason may be that abandonment is presently impossible under the statute.

obligation to fulfill the DRI condition. For the foregoing reasons, it is

ORDERED that Sarasota County's claim no. 061214 is disallowed subject to GDC's commencing abandonment, as soon as statutorily possible, pursuant to Fla.Stat. § 380.06(26).

DONE AND ORDERED.